UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CINDY LANDINO,<br><br>Plaintiff,<br><br>v.<br><br>MCLAREN HEALTH CARE CORPORATION, *et al.*,<br><br>Defendants. | Case No. 21-cv-11431<br>Honorable Gershwin A. Drain<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING PLAINTIFF ATTORNEY'S FEES (ECF NO. 87)**

**A.**

The Court granted in part and denied in part Plaintiff Cindy Landino's motion to compel and awarded her half of the reasonable attorney's fees incurred in making the motion under Federal Rule of Civil Procedure 37(a)(5). ECF No. 85. Landino filed her bill of costs seeking $3,087.50 in attorney's fees. ECF No. 87. Defendants Select Medical Holdings Corporation and Select Specialty Hospital Macomb County, Inc. oppose the requested fees. ECF No. 89.

An award of attorney's fees under Rule 37 must be determined using the "lodestar method." *See Nelson v. Ricoh, USA*, No. CV 17-11390, 2018

WL 6728392, at *1 (E.D. Mich. Mar. 1, 2018) (using lodestar method for Rule 37 sanctions). Under the lodestar method, courts calculate reasonable attorney's fee awards by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Landino's attorneys, Andrew Rozynski and Andrew M. Clark, claim hourly billing rates of $500 and $350, respectively. ECF No. 87-2. Rozynski spent 5.0 hours and Clark spent 10.5 hours on the motion. *Id.* Landino incurred a total of $6,175 in fees; but since the Court only awarded half of her fees, she seeks $3,087.50. ECF No. 87, PageID.1573. Defendants argue that the hourly rates and hours claimed are unreasonable. ECF No. 89. The Court addresses those arguments in turn.

## B.

A reasonable hourly rate is the prevailing market rate in the relevant community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Fuhr v. Sch. Dist. of City of Hazel Park*, 364 F.3d 753, 762 (6th Cir. 2004). Generally, "[t]he relevant market is the

venue of the court of record, not the geographical area wherein counsel maintains his office and/or normally practices." *Betancourt v. Indian Hills Plaza LLC*, — F. Supp. 3d — , 2023 WL 2388553, at *3 (E.D. Mich. Mar. 7, 2023) (quoting *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000)) (cleaned up).  But a court may authorize fees for an out-of-town specialist if (1) "hiring the out-of-town specialist was reasonable in the first instance," and (2) the rates "are reasonable for an attorney of his or her degree of skill, experience, and reputation." *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995).  And courts "may question the reasonableness of an out-of-town attorney's billing rate if there is reason to believe that competent counsel was readily available locally at a lower charge or rate." *Id.*

Hiring nonlocal counsel was reasonable in this case.  Landino, who is deaf and communicates in American Sign Language (ASL), alleges that defendants discriminated against her by failing to provide ASL interpretive services during her husband's hospital stay.  ECF No 56.  Rozynski's law firm specializes in representing hearing-impaired plaintiffs in discrimination suits, and Rozynski oversees all the firm's litigation in that practice.  ECF No. 87-1, PageID.1588-1589.  Before joining his current firm, Rozynski had his own practice "almost exclusively represent[ing] deaf individuals." *Id.*,

3

PageID.1589. He has represented over 300 hearing-impaired plaintiffs in discrimination lawsuits nationwide and has handled appeals before the United States Supreme Court and several federal circuit courts. *Id.*, PageID.1590-1591. And as the son of deaf parents, Rozynski is not only fluent in ASL but also familiar with deaf culture. *Id.*, PageID.1588, 1590-1591. Given Rozynski's expertise and his ability to effectively communicate with hearing-impaired clients, the Court agrees that he is uniquely qualified to represent Landino in this matter. *See, e.g.*, *Biondo v. Kaleida Health*, No. 15-CV-362G, 2016 WL 2752032, at *1 (W.D.N.Y. May 12, 2016) (finding that nonlocal fees were reasonable in a similar case given Rozynski's specialization and ability to communicate with the plaintiff through ASL).

Defendants argue that courts require parties who hire nonlocal counsel to show by affidavit that competent local counsel was unavailable. ECF No. 89-2, PageID.1686-1689. But in the cases defendants cite, the availability of local counsel was only one factor the courts considered; they also evaluated whether nonlocal counsel had a relevant specialization. *See Tyson v. Sterling Rental, Inc.*, No. 13-cv-13490, 2019 WL 3554713, at *9, 14 (E.D. Mich. Apr. 17, 2019); *Salamango v. NCSPlus, Inc.*, No. 2:14-cv-10189, 2014 WL 3900583, at *3-4 (E.D. Mich. Aug. 11, 2014); *Int'l-*

4

*Matez Tank Terminals-Ill. v. Chem. Bank*, No. 1:08-cv-1200, 2010 WL 3238917, at *5 (W.D. Mich. Aug. 16, 2010).  And without reference to the availability of local counsel, the Sixth Circuit affirmed a fee award for nonlocal counsel uniquely qualified to represent the defendant given their longstanding relationship and familiarity with the case.  *Graceland Fruit, Inc. v. KIC Chems., Inc.*, 320 F. App'x 323, 329-30 (6th Cir. 2008).

The hourly rates Landino requests are also reasonable and comparable to the rates reported in the State Bar of Michigan's most recent Economics of Law Practice Survey.  With counsel's experience and specialization, reference to the top billing rate reported in the survey is appropriate.  *See Mich. Immigrant Rights Center v. Dep't of Homeland Sec.*, No. 16-14192, 2021 WL 855468, at *9 (E.D. Mich. Mar. 8, 2021).  The survey reports that the 95th percentile of attorneys like Rozynski with 11 to 15 years' experience bill $475 per hour—slightly less than the claimed rate of $500 per hour.  *See* Michigan Bar Survey, https://perma.cc/QER7-3NMQ; *see also* ECF No. 87-1, PageID.1589.  And attorneys like Clark with three to five years' experience billed $365 per hour—slightly higher than the $350 claimed.  *See* ECF No. 87-1, PageID.1591.

Defendants quibble with whether Rozynski is an equity partner at his firm and point out that he has been licensed for just under 11 years.  ECF

5

No. 89-2, PageID.1688-1689, 1693.  The Court has considered those arguments but does not find them persuasive.  Defendants also argue that (1) it was improper for Rozynski to summarize Clark's qualifications rather than submit a separate declaration from Clark and (2) the declaration does not state whether Clark is admitted to this Court.  *Id.*, PageID.1694.  Defendants offer no authority supporting the first argument, and the Court declines to address it.  *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (cleaned up)).  The second argument lacks merit, as Clark was admitted in December 2021.

Thus, the Court approves Rozynski's and Clark's claimed billing rates.

## C.

A court must also review a prevailing party's claims about the hours it expended on the relevant matter, and "state with some particularity which of the claimed hours the court is rejecting, which it is accepting, and why." *Rembert v. A Plus Home Health Care Agency, Inc.*, 986 F.3d 613, 617 (6th Cir. 2021) (cleaned up).  Costs recoverable under Rule 37(a)(5) are limited to "those necessary to comply with the meet and confer requirement, those

6

necessary to bringing or opposing a motion to compel, and those associated with the fee petition." *Courser v. Radisson Hotels Int'l, Inc.*, No. 1:18-cv-1232-GJQ-PJG, 2020 WL 13527953, at *1 (W.D. Mich. Jan. 30, 2020); *see also Ross v. Am. Red Cross*, No. 2:09-CV-00905, 2012 WL 1884457, at *2 (S.D. Ohio May 22, 2012) (disallowing reimbursement for time spent reviewing discovery responses, and indicating that only time spent drafting motion to compel was reimbursable); *Castro v. Los Camperos, Inc.*, No. 2:13-CV-1186, 2014 WL 4626292, at *2-*4 (S.D. Ohio Sept. 15, 2014) (same); *Brown v. Bridges*, No. 3:12-CV-4947-P, 2013 WL 11842015, at *9 (N.D. Tex. Aug. 26, 2013) (finding that prevailing party was entitled to reimbursement of the attorney fees and expenses "incurred in preparing and filing the Motion to Compel and related filings.").

Defendants do not argue that the hours claimed are excessive. Instead, they contend that Rozynski billed for items that could have been completed by an associate. ECF No. 89-2, PageID.1695. The Court disagrees. Rozynski billed for conferring with Clark and other attorneys, reviewing Clark's work, communicating with defense counsel, and preparing for oral argument—all tasks normally performed by a partner. *See* ECF No. 87-2. And while defendants maintain that "the preparation of a fee application is exactly the kind of assignment that an associate can

7

handle," the billing record contains no entries for the fee application.  See *id.*; ECF No. 89-2, PageID.1695.

Finally, defendants argue that the fee award should be offset because Landino did not fully prevail on her motion to compel.  ECF No. 89-2, PageID.1696-1697.  As discussed, the Court granted in part and denied in part Landino's motion and offset the award, stating that defendants must "pay *half* of Landino's 'reasonable expenses incurred in making the motion.'"  ECF No. 85, PageID.1533 (cleaned up, emphasis added).  When a motion to compel is granted in part and denied in part, the Court may "apportion the reasonable expenses for the motion."  Rule 37(a)(5)(C).  Under that rule, "the Court has full discretion to apportion attorney's fees and costs or to grant no sanctions at all."  *Waskul v. Washtenaw Cnty. Comm. Mental Health*, 569 F. Supp. 3d 626, 639 (2021).  The Court properly exercised that discretion and **GRANTS** Landino attorney's fees of $3,087.50.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: May 24, 2023

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 24, 2023.

                                              s/Marlena Williams
                                              MARLENA WILLIAMS
                                              Case Manager